AARON D. FORD
  Attorney General
Craig A. Newby (Bar. No. 8591)
  Chief Litigation Counsel
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3420 (phone)
(702) 486-3773 (fax)
cnewby@ag.nv.gov

*Attorneys for Defendant*
*State of Nevada ex rel. its Department of Health*
*and Human Services, Division of Public*
*of Behavioral Health*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RENAE JOY SWAIM, as Special Administrator of the Estate of Clinton Lee Swaim; RENAE JOY SWAIM, an individual; CLINTON THOMAS SWAIM, Jr., an individual; RENAE JOY SWAIM, as parent and custodian of minor K.R.S., collectively,<br><br>                Plaintiffs,<br><br>vs.<br><br>STATE OF NEVADA *ex rel.* NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF PUBLIC AND BEHAVIORAL HEALTH; DAVID ATHERTON, an individual; MATT BOWMAN, an individual, DAIKI "SAM" BRANCH, an individual; ISAAC FLORES, an individual; JOEL GOMEZ, an individual; CHRIS HENRY, an individual; SAMANTHA LYONS, an individual; ERICK MCBRIDE, an individual; RICK MEIER, an individual; BRAD MITCHELL, an individual; LUIS OROZCO, an individual; LACEY PATIGA, an individual; NICHOLAS PATIGA, an individual, BRANDON TAYLOR, an individual; TANNER TROUT, an individual; JOHN WEST, an individual; and DOES I to X, inclusive; collectively,<br><br>                Defendants. | Case No.: 3:21-cv-00502-ART-CSD<br><br><br><br>**JOINT STIPULATION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>**(First Request)** |

. . .

Pursuant to Local Rules IA 6-2 and LR 7-1, Plaintiffs RENAE JOY SWAIM, as Special Administrator of the Estate of Clinton Lee Swaim; RENAE JOY SWAIM, an individual; CLINTON THOMAS SWAIM, Jr., an individual; RENAE JOY SWAIM, as parent and custodian of minor K.R.S., (collectively "Plaintiffs") and Defendants STATE OF NEVADA *ex rel.* NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF PUBLIC AND BEHAVIORIAL HEALTH; DAVID ATHERTON, an individual; MATT BOWMAN, an individual, DAIKI "SAM" BRANCH, an individual; ISAAC FLORES, an individual; JOEL GOMEZ, an individual; CHRIS HENRY, an individual; SAMANTHA LYONS, an individual; ERICK MCBRIDE, an individual; RICK MEIER, an individual; BRAD MITCHELL, an individual; LUIS OROZCO, an individual; LACEY PATIGA, an individual; NICHOLAS PATIGA, an individual, BRANDON TAYLOR, an individual; TANNER TROUT, an individual; JOHN WEST, an individual; ("Defendants") hereby stipulate and agree to stay discovery in this case pending resolution of Defendants' motions to dismiss (ECF Nos. 6 and 16).

The parties submit that good cause exists for this stipulation to be granted under applicable law. Specifically, courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

Here, Defendant Nevada Department of Health and Human Services, Division of Public and Behavioral Health filed a motion to dismiss premised on Eleventh Amendment immunity. ECF No. 6. While Plaintiffs disagree on the merits of said motion (see ECF No.

7), the parties agree that said Defendant's motion is "potentially dispositive" of this case and "can be decided without additional discovery," meeting this court's standard of good cause for a stay of discovery.

Similarly, the remaining Defendants filed a motion to dismiss premised on qualified immunity, Nevada's lack of a cause of action for monetary damages, the unavailability of a negligent training claim as a matter of law, and the failure to make factual allegations against most (if not all) of said Defendants. ECF No. 16. While Plaintiffs disagree on the merits of said motion (see ECF No. 17), the parties agree that said Defendants' motion is "potentially dispositive" of this case and "can be decided without additional discovery," meeting this court's standard of good cause for a stay of discovery.

The parties agree to the issuance and response to four document subpoenas pending this stay. Counsel for the parties conferred on this and other discovery obligations Wednesday, December 21, 2022 before submitting this stipulation.

**IT IS SO STIPULATED.**

DATED this 22nd day of December, 2022.    DATED this 22nd day of December, 2022.

| **GALLIAN WELKER & ASSOCIATES, L.C** | **AARON D. FORD**<br>**Attorney General** |
|---|---|
| /s/ Nathan E. Lawrence<br>NATHAN E. LAWRENCE, ESQ.<br>Nevada Bar No. 15060<br>730 Las Vegas Blvd. S., Ste. 104<br>Las Vegas, NV 89101<br>*Attorney for Plaintiffs* | /s/ Craig A. Newby<br>CRAIG A. NEWBY, ESQ.<br>Nevada Bar No. 8591<br>555 E. Washington Ave., Suite 3900<br>Las Vegas, NV 89101<br>*Attorney for Defendants* |

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED:  December 27, 2022.